# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MICHELLE STRICKLAND,

    Plaintiff,

v.                                                                Case No:   6:22-cv-2349-RBD-DCI

GOLFVIEW PLAZA CENTER, LLC
and CROOK'S DEN ENTERPRISES,
LLC,

    Defendants.

## ORDER

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 3.02(d), the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case.

Accordingly, it is **ORDERED AND ADJUDGED** that the provisions of Fed. R. Civ. P. 26(a)(1) and Local Rule 3.02 concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the schedule set forth below. These deadlines are **not advisory** and shall be strictly followed.   No extensions will be granted absent exigent circumstances.

1. Plaintiff(s) shall serve a copy of this Order on Defendant(s) along with the Complaint.

2.  Within 21 days from the date of this Order, Plaintiff(s) shall answer, under oath, the Court's Interrogatories, attached here as Exhibit A; serve a copy on Defendant(s); and file the answers with the Court titled "Notice of Filing Court's Interrogatories."

3.  Within 7 days of service being executed, Plaintiff(s) shall file a notice of service with the Court.

4.  Within 35 days from the date of service of process, Defendant(s) shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect that portion of the Defendant's facility which Plaintiff(s) claim(s) to be non-compliant.

5.  Within 63 days from the date of service of process, Plaintiff(s) shall provide Defendant(s) with a copy of any expert report upon which Plaintiff(s) intend(s) to rely, consistent with the provisions of Fed. R. Civ. P. 26(a)(2). Said report shall specifically address the deficiencies alleged and the proposed re-mediation required. Any deficiency not specifically identified in the expert report will be deemed waived.

6.  Within 91 days from the date of service of process, Defendant(s) shall serve a written response, including any Fed. R. Civ. P. 26(a)(2) expert report that Defendant(s) intend(s) to rely upon.

7.  Within 119 days from the date of service of process, the parties shall

mediate this dispute before a mediator of their choice. If they cannot agree upon a mediator, the Court will appoint one for them.

8. Except as provided herein and until further Order of this Court, all discovery in this case is **STAYED**.

9. Within 14 days after the mediation conference, the parties shall jointly file a status report with the Court that indicates whether:

    a. The parties have settled the case;

    b. The parties have not settled the case but wish to continue settlement discussions for a specific period of time;

    c. The parties have exhausted all settlement efforts and will immediately file a Case Management Report,[1] signed by counsel for all parties, and set the case for trial at the earliest practicable time, but no later than 12 months from the date of service of process.

10. If the parties reach a settlement, the settlement agreement should contain, if possible, an agreement concerning costs and attorney's fees. If the parties are unable to agree, the Court will reserve jurisdiction to determine that issue. If the parties wish the Court to

---

[1] Case Management Report forms are available online at http://www.flmd.uscourts.gov, then select About the Judges, District Judges, and, under the appropriate judge's name, Forms.

enter a consent judgment, the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 21, 2022.

ROY B. DALTON JR.
United States District Judge

Copies: Counsel of Record

# EXHIBIT A
# COURT'S INTERROGATORIES TO INDIVIDUAL PLAINTIFF(S)

1. Residence address.

2. Name of current employer and place of employment.

3. Date(s) and time(s) that you visited the facility.

4. Purpose of your visit(s) and duration of your stay(s).

4a. 1) What is the proximity of the business to the plaintiff's home/place of employment

    2) Describe the plaintiff's past patronage of defendant's business

    3) Describe the definiteness of the plaintiff's plans to return

5. Did anyone else accompany you? If so, who?

6. Describe the nature of your disability.

7. Specifically list each of the architectural barriers which you personally observed or experienced at this facility.

8. Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.

9. Please list any other Title III cases in which you have been a party in this District.

_____

STATE OF FLORIDA
COUNTY OF _____

  The foregoing instrument was acknowledged before me by means of ___ physical presence or ___ online notarization, by MICHELLE STRICKLAND, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

  SWORN TO AND SUBSCRIBED before me by means of ___ physical presence or ___ online notarization, on this _____ day of _____, 2020.

                NOTARY PUBLIC

|  |  |
|---|---|
| Notary Stamp | _____ <br> Signature of Person Taking Acknowledgment <br> Print Name: <br> Title: Notary Public <br> Serial No. (if any): <br> Commission Expires: |

# COURT'S INTERROGATORIES TO CORPORATE PLAINTIFF(S)

1. What is Plaintiff's business address?

2. When and where was Plaintiff incorporated?

3. Who are the current officers and directors of Plaintiff?

4. Provide the name and address of any of Plaintiff's members who have attempted to access and use the subject premises in the past, but have been discriminated against because of architectural barriers in violation of the ADA.

5. For each member listed in answer to No. 3 above, provide:

    a. The date(s) and time(s) that each member visited the facility

    b. The purpose of the visit and duration of stay

    c. What is the proximity of the business to the plaintiff's home/place of employment

    d. Describe the plaintiff's past patronage of defendant's business

    e. Describe the definiteness of the plaintiff's plans to return

    f. The names of any person(s) who accompanied the member

      g.      The nature of the member's disability

      h.      The architectural barriers personally observed or experienced

      i.      Whether such member(s) took notes or made a contemporaneous record of these barriers, and if so, please attach a copy to these answers.

6.      Please list any other Title III cases in which Plaintiff has been a party in this District.

By:_____
As its:

_____
Print Name

STATE OF FLORIDA
COUNTY OF _____

      The foregoing instrument was acknowledged before me by means of ___ physical presence or ___ online notarization, by MICHELLE STRICKLAND, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

      SWORN TO AND SUBSCRIBED before me by means of ___ physical presence or ___ online notarization, on this _____ day of _____, 2020.

NOTARY PUBLIC

_____
Signature of Person Taking Acknowledgment
Notary Stamp      Print Name:
      Title:  Notary Public
      Serial No. (if any):
      Commission Expires: